Peter Strojnik
7847 North Central Ave.
Phoenix, Arizona 85020
602-524-6602
ps@strojnik.com

# UNITED STATES COURT OF APPEALS
# FOR THE 9TH CIRCUIT

| | |
|---|---|
| Peter Strojnik,<br><br>  Plaintiff,<br><br>vs.<br><br>Buffalo Wild Wings, LLC<br><br>  Defendant. | No.: 22-55439<br><br>D.C. No.: 3:22-cv-00440-TWR-MDD<br><br>**APPELLANT'S VERIFIED STATEMENT EXPLAINING WHY THE APPEAL IS NOT FRIVOLOUS AND SHOULD GO FORWARD.** |

## 1. Introduction

This appeal lies from district court's denial of Appellant's 1st Amendment right to seek redress and file a meritorious complaint. The Complaint properly alleges Article III standing, it is meritorious, and it was asserted for a proper purpose.

The issues arise out of the September 21, 2021, order declaring Appellant a vexatious litigant:

> Strojnik is enjoined from filing any civil action in the Southern District of California that alleges a cause of action for a violation of the ADA without first obtaining certification from this Court that his claims plausibly allege Article III standing and are not frivolous or asserted for an improper purpose. To the extent Strojnik wishes to file a complaint

1

that challenges access to public accommodations, Strojnik must provide a copy of the complaint, a letter requesting that the complaint be filed, and a copy of this order to the Clerk of the Court. The Clerk shall forward the complaint, letter, and copy of this order to this Court for a determination of whether the complaint should be accepted for filing.

Exhibit 1.

Notably, a vexatious litigant is not prohibited from exercising his constitutional right of redress. He is simply required to submit a proposed complaint to the district court who in turn certifies, or refuses to certify, that the complaint "plausibly allege[s] Article III standing" and [is] not "frivolous" or "asserted for an improper purpose."

On March 18, 2022, Appellant submitted an ADA complaint against Buffalo Wild Wings, LLC for its violation of ADA's accessibility requirements. D.C. Dkt. at 1, Exhibit 2 here. The Court denied the certification. Dkt. at 2. Appellant submitted a motion to reconsider, dkt. at 4, but it too was denied, dkt at 5. Appellant timely appealed. Dkt. at 6.

District Court had federal question jurisdiction over the ADA claims and pendent jurisdiction over state law claims. 28 U.S.C. §§ 1331 and 1367. The Judgment was final. Dkt. at 3 and 6. The appeal was timely. Dkt. at 6.

## 2. Allegations in the Complaint

Appellant's Complaint alleges that Appellant is disabled, ¶¶2-6, that Defendant's restaurant is a public accommodation, ¶7, and that Appellant visited the restaurant on March 12, 2022. ¶12. Complaint further alleges:

13. Unfortunately, on the date of the plaintiff's visit, Plaintiff discovered that the Restaurant was not compliant with the disability access laws in conformance with the ADA as it relates to Plaintiff's ADA Disability:

    a. The first set of double-sided hinged entrance door would not permit Plaintiff to pull it open. Plaintiff first believed that the entrance door was locked but, upon additional efforts to open the entrance door at the expense of pain and a dislocated shoulder, Plaintiff was finally able to enter the first set of doors. Plaintiff subsequently measured the push-pull force of the first set of double-sided hinged entrance door, but his measuring device used by Plaintiff only calibrated to 25 lbs. Plaintiff is learned in push-pull forces requiring to-open doors and entries and estimates that the force required to open the door greatly exceeded 35 lbs which is greater than the allowable by non-ADA administrative regulations. If Plaintiff were to return to the Restaurant, he would suffer the risk of another shoulder dislocation and, more seriously, run the risk of inability to escape a fire hazard. The inaccessible first set of double hinged entrance door is easily remediated with the installation of automatic doors.

    b. The first set of doble sided hinged entrance door is followed by a second set of doble hinged doors located inside the Restaurant. The second set of double-sided hinged doors inside the Restaurant required a force greater than 5 lbs to open which is a violation of ADA Accessibility Standards.

14. These barriers relate to and impact Plaintiff's Disability. Plaintiff personally encountered these barriers.

15. The barriers interfered with Plaintiff's full and equal enjoyment of the Restaurant because the barriers made it more difficult for Plaintiff to access the Restaurant and caused him physical damage.

16. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

3

17. Defendant has failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

18. The barriers identified above are easily removed without much difficulty or expense.

19. Plaintiff is often in the area where the Restaurant is located.

20. Plaintiff will return to the Restaurant to avail himself of its goods and services and to determine compliance with the disability access laws once it is represented to him that the Restaurant is accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, Plaintiff will face unlawful and discriminatory barriers again.

Based on these allegations, district court concluded that the Complaint does not "plausibly allege Article III standing," that the Complaint constituted "abuse of the judicial process" and "exploitative behavior." D.C. Dkt. at 3. None of district court's findings were supported by any substantive facts.

**3. May 20, 2022, Appellate Clerk's Order, Dkt. at 6-1**

On May 20, 2022, the 9th Circuit Court of Appeals Deputy Clerk issued a statement that "[a] review of the record reflects that this appeal may be frivolous" and required Appellant to "file a statement explaining why the appeal is not frivolous and should go forward". Dkt. at 6-1.

The Order did not specify which issues raised on appeal "may be frivolous." Consequently, Appellant will address a broader set of issues that would be otherwise required.

4

**4. <u>Analysis</u>**

A frivolous appeal is defined as one in which the result is obvious, or where the appellant's claims are utterly meritless. *Int. Un. of Bricklayers Etc. v. Martin Jaska,* 752 F.2d 1401, 1406 (9th Cir. 1985) (citing to *Taylor v. Sentry Life Insurance*, 729 F.2ND 652, 656 (9th Cir. 1984).

The result of the appeal here is not obvious, and Appellant's claims are not utterly meritless.

**a. <u>The Complaint Demonstrates Article III Standing</u>**

Article III, Section 2, of the United States Constitution restricts the federal "judicial power" to the resolution of "Cases" and "Controversies," and this case-or-controversy requirement is met where the plaintiff has standing to bring his or her suit. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992); *see also Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). Like all plaintiffs, ADA plaintiffs must establish standing at each stage of the litigation, but the "Supreme Court has instructed us to take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits 'are the primary method of obtaining compliance with the Act.'" *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008) (quoting *Trafficante v. Metro Life Ins. Co.*, 409 U.S. 205, 209 (1972)).

Plaintiff's complaint is jurisdictionally indistinguishable from the complaint filed in *Whitaker v. Mac* (C. D. Cal. 2:19-cv-03002-GW-E)[1]. There, as here, Defendant challenged Plaintiff's standing. The challenge was soundly rebuked by the Honorable Otis D. Wright, II, in his Order, Dkt. at 22. The court summarized the allegations in the *Whitaker v. Mac* like this:

> Whitaker is substantially limited in his ability to walk and requires the use of a wheelchair for mobility. (Compl. ¶ 1.) In March 2019, Whitaker visited Chevron, located at 14505 Ventura Blvd., Sherman Oaks, California. (Compl. ¶¶ 5, 10.) During his visit, Whitaker alleges that he encountered inaccessible paths of travel that do not comply with handicap accessibility requirements under the ADA. (Compl. ¶ 13.) Whitaker alleges that he will return to avail himself of goods or services but is currently deterred from visiting because of his knowledge of the existing barriers. (Compl. ¶ 20.)

*Id.* at 2:7-16. Based on these allegations, the Court denied Defendant's Motion to Dismiss the ADA claim for lack of jurisdiction. *Id.* at 7:3-4. Because the jurisdictional and standing allegations by Plaintiff in the current case are indistinguishable from Whitaker's allegations in the *Whitaker v. Mac* case, the same result of standing should follow.

To establish Article III standing, Plaintiff must demonstrate that:

> (1) he has suffered an "injury in fact" that is concrete and particularized and actual or imminent; (2) the injury is fairly traceable to the challenged actions of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

---

[1] Brian Whitaker is a prolific defender of civil rights.

6

Additionally, in order for ADA plaintiffs to establish standing to pursue injunctive relief, which is the only relief available under the ADA, they must demonstrate a "real and immediate threat of repeated injury" in the future. *Fortyune v. American Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)).

Here, as in *Whitaker v. Mac,* Appellant suffered an injury in fact. He visited Buffalo Wild Wings on March 12, 2022. (Compl. ¶12.) During the visit, he encountered access barriers on Defendants' premise which created difficulty and discomfort to him. (Compl. ¶¶ 12-14). The barriers denied him full and equal access and caused him difficulty and discomfort. (Compl. ¶¶ 15-16); *see Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 (9th Cir. 2002) (holding that alleged barriers "need only interfere with the plaintiff's 'full and equal enjoyment' of the facility" for a plaintiff to suffer an injury in fact).

Thus, Appellant has suffered an injury in fact, and the first standing element is met.

Although an encounter with barriers in violation of the ADA is sufficient to show an injury in fact for the purpose of standing, since an ADA plaintiff seeks injunctive relief, he must also show "a sufficient likelihood that he will again be wronged in a similar way." *Chapman*, 631 F.3d at 948 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). To satisfy this standard, an ADA plaintiff must show a "real and immediate threat of repeated injury." *Lyons*, 461

U.S. at 102. Thus, an ADA plaintiff can show that "either he is deterred from returning to the facility **or** that he intends to return to the facility and is therefore likely to suffer repeated injury." *Chapman*, 631 F.3d at 953. (Emphasis added.)

Appellant need not return to the restaurant; it is enough that he is deterred from visiting the restaurant. "So long as the discriminatory conditions continue, and so long as a plaintiff is aware of them and remains deterred, the injury under the ADA continues." *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137 (9th Cir. 2002). In his Complaint, Appellant alleges that he "will return to the Restaurant to avail himself of goods or services and to determine compliance with the disability access laws once it is represented to him that the [Restaurant] is accessible." (Compl. ¶20.) Plaintiff is deterred from visiting because his knowledge of these violations prevents him from returning until the barriers are removed. (Compl. ¶20.) Plaintiff here, as Brian Whitaker in *Mac*, has adequately alleged that he is deterred from visiting Buffalo Wild Wings.

Accordingly, the Complaint "plausibly allege[s] Article III standing and [is] not frivolous or asserted for an improper purpose."

**b. The Four Factors Have Never Been Adopted by the Court of Appeals.**

Some courts have required plaintiffs to plead (1) the proximity of the place of public accommodation to plaintiff's residence; (2) plaintiff's past patronage of defendant's business; (3) the definitiveness of plaintiff's plans to return, and (4) plaintiff's frequency of travel near defendant.

8

These elements are on top of the allegations that the 9th Circuit has found sufficient to confer injunctive relief standing. The 9th Circuit has not adopted these factors despite having confronted the same or similar issue repeatedly. *See Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1343 (E.D. Cal. 2020) (noting that the Ninth Circuit "has not adopted" these factors "despite having confronted the same or similar issue repeatedly"); *Johnson v. Fogo De Chao Churrascaria LLC*, 2021 WL 3913519, at *3 (N.D. Cal. Sept. 1, 2021) (same); *Johnson v. Smith* (N. D. Cal. 3:21-cv-05646-TSH) at Dkt. 21 (same).

**c. The "Far from Home" Argument**

In *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008), the Court addressed the "far from home" argument in a two-part test: (1) Intent to return to the geographic area of the public accommodation and (2) desire to return if the public accommodation is made accessible:

> [W]here . . . the public accommodation being sued is far from the plaintiff's home, we have found actual or imminent injury sufficient to establish standing where a plaintiff demonstrates an intent to return to the geographic area where the accommodation is located and a desire to visit the accommodation if were made accessible.

Compl. ¶20 alleges his intent to return once the restaurant is made accessible:

> 20. Plaintiff will return to the Restaurant to avail himself of its goods and services and to determine compliance with the disability access laws once it is represented to him that the Restaurant is accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not

9

removed, Plaintiff will face unlawful and discriminatory barriers again.

The Complaint satisfies the *D'Lil's far away* test.

### d. 9th Circuit Precedent Demonstrates That the Result of This Appeal Is Not Obvious and that Appellant's Claims Are Not Utterly Meritless.

Prior to submitting the proposed complaint for filing, Appellant reviewed 9th Circuit precedent regarding sufficiency of jurisdictional allegations. The 9th Circuit Court of Appeals answered jurisdictional question in *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173 (9th Cir. 2021) (*Whitaker I*). In *Whitaker I,* the Court confirmed that a complaint alleging (1) disability, (2) visit to the public accommodation, (3) personal encounter with barriers and (4) deterrence is all that is needed for standing purposes. *Id.,* 985 F. 3d at 1177. It also held that the description of the barrier mut include the basic question in what way a barrier violates the ADA (e.g., "Were the service counters too low? Or too high?") *Id.,* 985 F. 3d at 1177.

Appellant's Complaint, like Brian Whitaker's Complaint in *Whitaker I,* likewise alleges that (1) he is disabled, ¶¶2-6, (2) that on March 12, 2022, he visited Buffalo Wild Wings restaurant, which is a public accommodation, ¶7, 12 (3) that he personally encountered barriers to accessibility that relate and impact his disability, ¶14, and (4) that he is deterred from returning, ¶20. Appellant also precisely describes the barriers, ¶13(a) and (b).

Based on *Whitaker I*, the result of this appeal is obvious only show a reversal of district court's judgment. It also confirms that Appellant's claim is meritorious.

### e. Southern District Precedent Also Demonstrates That the Result of This Appeal Is Not Obvious, Or Where the Appellant's Claims Are Utterly Meritless.

Prior to submitting the proposed Complaint, Appellant also reviewed Southern district precedent on jurisdiction and standing, and came across the case of *Whitaker v. Tesla Motors*, (S.D. 3:19-cv-01193-AJB-BLM) (*Whitaker II*). See D.C Dkt. at 21 (Amended Complaint) and Dkt. at 33 (Order Denying Motion to Dismiss)

Based on *Whitaker II*, the result of this appeal is not obvious, and Appellant's claim is meritorious.

## 5. The Remedy for Insufficiently Pled Standing is Leave to Amend

District courts invariably grant plaintiffs leave to amend the complaint when the complaint is dismissed for lack of standing because "the underlying purpose of Rule 15 [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Noll v. Carlson*, 809 F.2d 1446. 1448 (9th Cir. 1987) "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); see also *Cook, Perkiss & Leihe, Inc. v. Northern Cal. Collection Serv., Inc.*, 911

F.2d 242 (9th Cir. 1990); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1990); *Noll v. Carlson*, 809 F.2d 1446 (9th Cir. 1987); *Bonanno v. Thomas*, 309 F.2d 320 (9th Cir. 1962); *Sidebotham v. Robison*, 216 F.2d 816 (9th Cir. 1954).

It is also a standard practice in the district courts that the reasons for dismissal are stated clearly and unequivocally in order to guide plaintiff in the preparation of amended pleading.

### 6. The Purpose of the Complaint is to Enforce the ADA

The purpose of the Complaint is to enforce the ADA and the Unruh Civil Rights Act remedies. *See* Compl. ¶32. By his verification, Appellant confirms this purpose.

### 7. Conclusion

For stated reasons one cannot conclude that the result of this appeal is "obvious" or that the appeal is "utterly meritless." Appellant fully expects that the Court of Appeals will confirm its decision in *Whitaker I* and overrule Southern district's denial of permit to file the complaint.

This paper does not limit other issues to be raised in the Briefs.

RESPECTFULLY SUBMITTED this 28th day of June 2022

Peter Strojnik

Electronically filed this 28th day of June 2022.

## **VERIFICTION**

Plaintiff verifies that the factual statements made above are true and correct to the best of his knowledge, information and belief.

_____
Peter Strojnik