Peter Strojnik
7847 North Central Ave.
Phoenix, Arizona 85020
602-524-6602
ps@strojnik.com

# UNITED STATES COURT OF APPEALS
# FOR THE 9TH CIRCUIT

| | |
|---|---|
| Peter Strojnik,<br><br>  Plaintiff,<br><br>vs.<br><br>Buffalo Wild Wings, LLC<br><br>  Defendant. | No.: 22-55439<br><br>D.C. No.: 3:22-cv-00440-TWR-MDD<br><br>**Petition for Hearing En Banc** |

## SUMMARY

Appellant brings this Petition for the following independent reasons A and B:

A. The panel decision conflicts with a decision of the United States Supreme Court or of the court to which the petition is addressed, *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) as cited in *Ringgold-Lockahart v. Cnty. Of L.A.,* No 11-56973 (9th Cir 2014) at p. 16; **and**

(B) The proceeding involves a question of exceptional importance, whether a disabled plaintiff who has been designated a "vexatious litigant" for filing ADA cases is forever banned from filing any additional ADA cases in contravention

1

of his 1st Amendment Right to petition the Government for a redress of his ADA grievances.

## PROCEEDINGS

On September 29, 2021, Appellant was declared a vexatious litigant by the district court. Ct. App. Dkt. 7-2. On March 13, 2022, Appellant filed a Verified Complaint for pre-filing review. Ct. App. Dkt. at 7-3, but the district court rejected the filing. D.C. Dkt. at 2 and 6. Appellant appealed district court's rejection of this Verified Complaint which properly alleged Article III standing, was meritorious, and was asserted for a proper purpose.

The issues arise out of the September 29, 2021, order declaring Appellant a vexatious litigant:

> Strojnik is enjoined from filing any civil action in the Southern District of California that alleges a cause of action for a violation of the ADA without first obtaining certification from this Court that his claims plausibly allege Article III standing and are not frivolous or asserted for an improper purpose. To the extent Strojnik wishes to file a complaint that challenges access to public accommodations, Strojnik must provide a copy of the complaint, a letter requesting that the complaint be filed, and a copy of this order to the Clerk of the Court. The Clerk shall forward the complaint, letter, and copy of this order to this Court for a determination of whether the complaint should be accepted for filing.

Ct. App. Dkt. 7-2.

Notably, a vexatious litigant is not prohibited from exercising his constitutional right of redress. He is simply required to submit a proposed complaint to the district court who in turn certifies, or refuses to certify, that the complaint

"plausibly allege[s] Article III standing" and [is] not "frivolous" or "asserted for an improper purpose."

On May 26, 2022, the 9th Circuit Court of Appeals Deputy Clerk issued a statement that "[a] review of the record reflects that this appeal may be frivolous". It required Appellant to "file a statement explaining why the appeal is not frivolous and should go forward." Ct. App. Dkt. at 11.

The Order did not specify which issues raised on appeal "may be frivolous." Consequently, Appellant addressed a broader set of issues that would be otherwise required in his *Verified Statement Explaining why the Appeal is not Frivolous and Should Go Forward*. Ct. App. Dkt. at 7-1. The entirety of this filing is incorporated here as if fully restated.

On August 16, 2022, the panel entered the following decision, Ct. App. Dkt. at 9:

> Before: SCHROEDER, O'SCANNLAIN, and FORREST, Circuit Judges.
>
> Upon a review of the record and the response to the May 26, 2022 order, we conclude this appeal is frivolous. We therefore deny appellant's motion to proceed in forma pauperis (Docket Entry No. 4), see 28 U.S.C. § 1915(a), and dismiss this appeal as frivolous, pursuant to 28 U.S.C. § 1915(e)(2) (court shall dismiss case at any time, if court determines it is frivolous or malicious).
>
> All other pending motions are denied as moot.
>
> No further filings will be entertained in this closed case.
>
> DISMISSED.

3

## ANALYSIS

A frivolous appeal is defined as one in which the result is obvious, or where the appellant's claims are utterly meritless. *Int. Un. of Bricklayers Etc. v. Martin Jaska,* 752 F.2d 1401, 1406 (9th Cir. 1985) (citing to *Taylor v. Sentry Life Insurance*, 729 F.2ND 652, 656 (9th Cir. 1984). *Accord Malhiot v. S. Cal. Retail Clerks Union*, 735 F.2d 1133, 1137 (9th Cir. 1984) ("An appeal is frivolous if the result is obvious or if the claims of error are wholly without merit.")

> **But courts cannot properly say whether a suit is "meritorious" (as compared to "frivolous") from pleadings alone.** A lawsuit need not be meritorious to proceed past the motion-to-dismiss stage; to the contrary, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (internal quotation marks omitted – emphasis supplied – parenthesis added)

*Ringgold-Lockhart v. Cnty. Of L.A.,* No 11-56973 (9th Cir 2014) at p. 16.

The panel's decision departs from this Court's honored tradition of analysis and explanation of decisions before it, particularly where, as here, important 1st Amendment right to redress is in issue. There is no dispute with Appellant's analysis in his *Verified Statement Explaining why the Appeal is not Frivolous and Should Go Forward*. Ct. App. Dkt. at 7-1. There is no explanation why Appellant's "well-pleaded complaint" may not proceed "even if it [struck] a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). There is no offer for

4

excepting Plaintiff Verified Complaint from the myriad of cases in which the "courts cannot properly say whether a suit is "meritorious" (as compared to "frivolous")" *Ringgold-Lockhart v. Cnty. Of L.A.,* supra.

The district court's and the panel's decision depart from this Court's accepted tradition permitting amendment to the pleadings to correct perceived insufficiencies and omissions. "[L]eave to amend shall be freely given when justice so requires". *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010)

### CONCLUSION AND PRAYER FOR RELIEF

The panel's statement that the appeal is "frivolous," without analysis, denies Appellant his 1st Amendment right to redress. How is Appellant to seek his constitutionally protected right to redress *unless* the Court issues some, any, guidance for district courts' to determine whether a proposed complaint is meritorious or frivolous under *Twombly* and *Ringgold-Lockhart*? Is Appellant subject to different constitutional standards than any other complainant?

Appellant requests a hearing en banc to address the question of adequacy of Appellant's Verified Complaint and, if inadequate, to permit him to amend it.

RESPECTFULLY SUBMITTED this 23rd day of August 2022.

Peter Strojnik

Electronically filed this 23rd day of August, 2022.

5